IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:17-CR-37-TAV-DCP |
| CHRISTOPHER HOLMES, and | ) | |
| JEFFREY STOKES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 16, 2018, for arraignment on the Second Superseding Indictment [Doc. 321] and a motion hearing on Defendant Holmes' *pro se* request for new counsel [Doc. 309], filed August 1, 2018, and Defendant Stokes' Motion to Continue Trial [Doc. 328], filed August 15, 2018. Assistant United States Attorney Cynthia F. Davidson represented the Government. Attorney James H. Varner, Jr., appeared with Defendant Holmes, and Attorney Jonathan S. Woods represented Defendant Stokes. Both Defendants were also present.[1]

---

[1] The Court initially took up Defendant Holmes' request for substitute counsel, before Defendant Stokes was brought into the courtroom. Both Defendants were present for arraignment and the hearing on the motion to continue the trial.

## I. Substitution of Counsel

The Court appointed [Doc. 268] Mr. Varner to represent Defendant Holmes on February 26, 2018. In his *pro se* "Petition for new counsel," Defendant Holmes contends that Mr. Varner failed to bring the discovery, including audio recordings of intercepted telephone calls, for the Defendant to review. He also asserts that Mr. Varner encouraged him to sign a plea agreement for "crack cocaine," when he is charged with a conspiracy to distribute cocaine. He also alleges that Mr. Varner failed to look into an issue he raised with regard to his housing at the jail. The Defendant states that, as of July 27, 2018, Mr. Varner had not met with him in four weeks, despite his plea deadline expiring on August 10, 2018.

At the August 16 motion hearing, Mr. Varner informed the Court that, while he disagreed with ninety-nine percent of the Defendant's account in his petition, he agreed that the Defendant needed new counsel. He stated that for reasons that he could not disclose because they are privileged, his relationship with Defendant Holmes is broken and cannot be repaired. Mr. Varner related that he could not provide more information, even in a sealed hearing, because the information is covered by the attorney-client privilege. The Government took no position on Defendant Holmes' request for new counsel.

Based upon the representations of Mr. Varner, the Court finds that the Defendant and Mr. Varner have suffered a breakdown in communication and that the Defendant's trust in Mr. Varner has been seriously eroded. The loss of trust in the attorney-client relationship and the breakdown in communication has compromised beyond repair Mr. Varner's ability to present an adequate defense and to render effective assistance of counsel. Accordingly, the Court finds that good cause

exists to substitute new counsel for Mr. Varner. However, the Court makes no finding with regard to the factual assertions in Defendant Holmes' petition.

Based upon good cause shown by Mr. Varner, Defendant Holmes' *pro se* request for new counsel [**Doc. 309**] is **GRANTED** for the reasons given by Mr. Varner, not for the reasons asserted in Defendant Holmes' petition. Mr. Varner is relieved as counsel of record for Defendant Holmes. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Russell T. Greene was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Greene under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Holmes. Defendant Holmes is encouraged to make every effort to work with Mr. Greene through the remainder of this case. Mr. Varner stated that he had started the process of providing the discovery and the file in this case to Mr. Green and that he will provide the balance of the materials by the end of this week.

**II. Trial Continuance**

After arraigning Defendants Holmes and Stokes on the Second Superseding Indictment, the Court addressed Defendant Stokes' Motion to Continue Trial [Doc. 328]. The motion relates that counsel needs additional time to investigate the case and to prepare for trial. The motion states that Defendant Stokes is waiving his speedy trial rights with regard to this motion. At the motion hearing, Mr. Wood stated that he needed additional time to prepare for trial in this case, particularly in light of the new charge in the Second Superseding Indictment. He informed the Court that this

case would go to trial.  Mr. Greene agreed with the request for a trial continuance on behalf of Defendant Holmes.

AUSA Davidson stated that the Government does not oppose a trial continuance, because Defendant Holmes has new counsel.  However, she objected to a new motion deadline, because this case has been pending nearly two years and the changes to the Second Superseding Indictment do not warrant a new motion deadline.  She asked the Court to require the Defendants to move for leave to file a motion out of time, if defense counsel sought to file a motion.  The Court notes that the Defendants are not asking for a new motion deadline at this time and agrees this procedure is appropriate.  The parties agreed on a new trial date of January 15, 2019.

The Court finds Defendant Stokes' motion to continue the trial is well taken and that the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Court observes that Defendants Brown and Seals are charged [Doc. 321] with conspiring to distribute cocaine from April 2015 to April 11, 2017 (Count One), with a money laundering conspiracy (Count Two), and with conspiring to distribute cocaine base (crack cocaine) from April 2015 to April 11, 2017 (Count Three).  The Court substituted new counsel for Defendant Holmes at the August 17 hearing.  The Court finds that continuing the September 18, 2018 trial date for four months is necessary in order to permit new defense counsel the "reasonable time necessary for effective preparation."  18 U.S.C. § 3161(h)(7)(B)(iv).  Additionally, Mr. Wood also seeks additional time to investigate the case and prepare for trial.  Thus, the Court finds that requiring the parties to proceed to trial on September 18, 2018, would deprive counsel of the reasonable time necessary to prepare effectively for trial even taking into account their acting with due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Motion to Continue Trial [**Doc. 328**] is **GRANTED**, and the trial of this matter is reset to **January 15, 2019**. The Court finds that all the time between the filing of Defendant Holmes' motion on August 1, 2018, and the new trial date of January 15, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), & -(7)(A)-(B). With regard to other scheduling in this case, the new deadline for concluding plea negotiations and providing reciprocal discovery is **December 14, 2018.** The parties are to appear before the undersigned for a final pretrial conference on **December 19, 2018, at 11:15 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **December 28, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 4, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

### III. Conclusion

Accordingly, it is **ORDERED**:

(1) Defendant Holmes' *pro se* request for new counsel [**Doc. 309**] is **GRANTED** for the reasons set forth herein. Attorney James H. Varner, Jr., is relieved as counsel of record for Defendant Holmes. Mr. Varner is **DIRECTED** to provide new defense counsel with the discovery any helpful information from the Defendant's file as soon as possible;

(2) Attorney Russell T. Greene is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Holmes pursuant to the CJA;

(3) Defendant Stokes' Motion to Continue Trial **[Doc. 328**] is also **GRANTED**;

(4) The trial of this case is reset to commence on **January 15, 2019**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(5) All time between the filing of Defendant Holmes' motion on **August 1, 2018**, and the new trial date of **January 15, 2019**, is fully

excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The new deadline for concluding plea negotiations and providing reciprocal discovery is **December 14, 2018**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **December 19, 2018, at 11:15 a.m.**;

(8) All motions *in limine* must be filed no later than **December 28, 2018**; and

(9) Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 4, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge